*869 JORDAN, Circuit Judge,
concurring in part and dissenting in part:
I agree with my colleagues that the evidence was sufficient to support Mr. Morgan’s convictions. In my view, however, two combined errors entitle Mr. Morgan to a new trial. First, although there is no per se rule regarding the failure to give a good-faith instruction, see United States v. Sirang, 70 F.3d 588, 594 (11th Cir.1995), this is one of those cases where the general instruction on the elements of the offense was insufficient. The district court, as I see it, should have given a good-faith instruction. See, e.g., United States v. Lewis, 592 F.2d 1282, 1286-87 (5th Cir.1979) (holding, in a forgery case, that the jury instructions on intent to defraud failed to adequately convey the defendant’s good-faith defense, and as a result the failure to give a good-faith instruction constituted reversible error). Second, I do not think that the improper admission of the Rule 404(b) evidence was harmless. This was a relatively close case, and the mere fact that the evidence was sufficient to convict does not mean that the error was harmless, particularly in light of the absence of a good-faith instruction. See United States v. Hands, 184 F.3d 1322, 1329 (11th Cir.1999) (“An error may substantially influence an outcome and thus warrant reversal even if the evidence, had no error occurred, would have been sufficient to support the conviction.”).